Case 4:23-cv-03517   Document 14   Filed on 11/18/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
November 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERENA G.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 4:23-cv-3517 |
| MARTIN O'MALLEY, Acting Commissioner of Social Security, | § § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM AND ORDER

Plaintiff Serena G. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income under Title II of the Social Security Act ("the Act").[2] The parties filed cross motions for summary

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On November 7, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 5.

1

judgment. Pl.'s MSJ, ECF No. 10; Def.'s MSJ, ECF No. 12.[3, 4] Plaintiff seeks an order rendering benefits or remand for further consideration, arguing that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to incorporate mental limitations in his RFC determination or explain why he did not include any such limitations. ECF No. 10. Commissioner counters that the ALJ's RFC determination is supported by substantial evidence. ECF No. 12. Based on the briefing, the record, and the applicable law, the Court finds that the ALJ failed to assess Plaintiff's mental limitations in determining Plaintiff's RFC. Thus, the Court grants Plaintiff's motion for summary judgment, denies Commissioner's motion for summary judgment, and remands the ALJ's decision.

## I.     BACKGROUND

Plaintiff was 45 years old on the alleged disability onset date, R. 37, 89, 96[5] and has a high school education. R. 37, 94, 103. Plaintiff worked as a corrections officer. R. 36, 94, 103. Plaintiff alleges a disability onset date of April 5, 2019. R. 26, 89, 96. Plaintiff claims she suffers from physical and mental impairments. R. 89, 96.

---

[3] The Court construes both briefs as motions for summary judgment because both parties ask the Court to grant relief. *See Benavides v. Saul*, No. 2:21-CV-00095, 2022 WL 3701170, at *1 (S.D. Tex. Aug. 26, 2022) (construing parties' briefs as cross-motions for summary judgment).

[4] Plaintiff also filed a reply. ECF No. 13.

[5] "R." citations refer to the electronically filed Administrative Record, ECF No. 8.

On December 14, 2020, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 26, 89, 209–12. Plaintiff based[6] her application on bulging discs, pinched nerve, shattered vertebrae, Chronic Obstructive Pulmonary Disease ("COPD"), underactive thyroid, left kidney problems, frequent urination, lack of balance, and depression. R. 89, 96. The Commissioner denied Plaintiff's claim initially, R. 88–99, and on reconsideration. R. 96–105.

A hearing was held before an Administrative Law Judge ("ALJ"). An attorney represented Plaintiff at the hearing. R. 43–63. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 43–63. The ALJ issued a decision denying Plaintiff's request for benefits.[7] R. 23–42. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 13–18.

---

[6] For Plaintiff's disability insurance benefits, the relevant time period is April 5, 2019—Plaintiff's alleged onset date—through December 31, 2022—Plaintiff's date last insured. R. 23, 29.

[7] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 38. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured. R. 29 (citing 20 C.F.R. § 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: disorder of the lumbar spine, disorder of the sacroiliac joint, disorder of the cervical spine, and COPD. R. 29 (citing 20 C.F.R. § 404.1520 (c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 32 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b), that she can stand and/or walk three to four hours in an eight-hour workday with normal breaks, lift and/or carry 10 pounds frequently and 20 pounds occasionally, sit at least six hours in an eight-hour workday, but never be required to climb ropes, ladders, or scaffolds, only occasionally stoop, crouch, balance, and kneel, never be required to work in proximity to hazards, and never be required to work in environments with concentrated exposure to pulmonary irritants. R. 32. At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work. R. 36 (citing 20 C.F.R.

Plaintiff appealed the Commissioner's ruling to this Court. ECF No. 1.

## II.  STANDARD OF REVIEW OF COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.* Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

---

§ 404.1565). At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC, and found that there are jobs that exist in the national economy that Plaintiff can perform: fingerprint clerk, price marker, document preparer, addresser, and callout operator. R. 37. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 38.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of Commissioner, even if the evidence preponderates against Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for Commissioner's decision and involves more than a search for evidence supporting Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III. DISABILITY INSURANCE BENEFITS UNDER THE ACT.

The Act permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability. 42 U.S.C. § 423(a)(1)(D). These payments are referred to as disability insurance benefits. Applicants must prove "disability." *See* 42 U.S.C. § 423(d)(1)(A).

"Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). "The suffering of some impairment does not establish disability; a claimant is disabled only if he is 'incapable of engaging in any substantial gainful activity.'" *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1987)). "The law and regulations governing the determination of disability are the same for both programs." *Roberts v. Colvin*, 946 F. Supp. 2d 646, 657 (S.D. Tex. 2013) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

## IV. THE SHIFTING BURDEN OF PROOF.

The Act places the burden of establishing disability on the claimant. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). To be entitled to disability insurance benefits, a claimant "must show that he was disabled on or before the last day of his insured status." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir. 1981).

Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## V. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff argues that the ALJ failed to: (1) account for his finding Plaintiff's mild limitations in interacting with others and in concentrating, persisting, and maintaining pace at Step Two in his RFC assessment; and (2) expressly explain why such limitations were not included in the RFC determination. ECF No. 10 at 6. In essence, Plaintiff argues that "[a]lthough the ALJ believed that Plaintiff had mild mental limitations in the ability to interact with others and ability to concentrate, persist, or maintain pace, the ALJ did not properly account for these limitations in

the RFC." ECF No. 10 at 10. Commissioner responds that the ALJ's RFC determination is supported by substantial evidence and the ALJ did not need to include limitations to Plaintiff's RFC based on mild mental impairments. ECF No. 12.

"The Social Security regulations set forth a psychiatric review technique—also known as the 'special technique'—for evaluating mental impairments at all levels of the administrative review process." *Estrada v. Comm'r of Soc. Sec. Admin.*, No. SA-18-CV-00002-DAE, 2019 WL 453619, at *4 (W.D. Tex. Feb. 5, 2019) (citing 20 C.F.R. § 404.1520a). Utilizing the special technique, the ALJ must evaluate four broad functional areas: "(1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself." *Id.* (citing 20 C.F.R. § 404.1520a(c)(3)). "[T]he ALJ must rate the degree of a claimant's limitations as to these four functional areas on a five-point scale (none, mild, moderate, marked, and extreme)." *Id.* (citing 20 C.F.R. § 404.1520a(c)(4)). [8]

Here, the ALJ found that "[Plaintiff's] medically determinable mental impairments of affective mood disorder and anxiety disorder, considered singly and

---

[8] For a limitation to be considered "mild," a claimant's functioning must be only affected "slightly." For a limitation to be considered "moderate," a claimant's functioning must be "fair." For a limitation to be considered "marked," a claimant's functioning must be considered "seriously limited." *See* 20 C.F.R. Subpt. P, App. 1, 12.00E, F(2).

in combination, do not cause more than minimal limitation in her ability to perform basic mental work activities and are therefore non-severe." R. 30. The ALJ noted that in making this finding, the ALJ considered the above four functional areas. R. 30. The ALJ found no limitation in two areas: (1) understanding, remembering, or applying information; and (2) adapting or managing oneself. R. 30–31. The ALJ found mild limitation in the two remaining areas: (1) interacting with others; and (2) concentrating, persisting, or maintaining pace. R. 31. The ALJ concluded his analysis, noting:

> The limitations identified in the "paragraph B" criteria *are not* a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a *more detailed* assessment. *The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.*

R. 31 (emphasis added).

Between Steps three and four, the ALJ must determine a claimant's RFC, which is the "most the claimant can still do despite his physical and mental limitations." *Wells v. Kijakazi*, No. 4:20-CV-03167, 2022 WL 17548603, at *3 (S.D. Tex. Sept. 28, 2022) (quoting *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1))). The RFC is "determined by combining a medical assessment of [a claimant's] impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Id.* (quoting *Hollis v. Bowen*, 837

9

F.2d 1378, 1386–87 (5th Cir. 1988)). Important here, under 20 C.F.R. § 404.1520a, the ALJ must follow the "technique" when evaluating a claimant's mental impairments. 20 C.F.R. § 404.1520a(c). Specifically,

> In assessing RFC, the adjudicator *must* consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim.

SSR 96-8p, 1996 WL 374184, at *5 (emphasis added).

Here, despite acknowledging that his RFC assessment required a more detailed assessment of Plaintiff's mental impairments, the ALJ's RFC assessment does not mention mental limitations at all. *See* R. 32–36. Instead, the ALJ's RFC assessment focuses solely on Plaintiff's physical impairments. *See id.*

Citing SSR 96-8p, Commissioner argues that Plaintiff's argument "directly contradicts" law because the limitations at steps two and three are not an RFC assessment and when found to be mild, these limitations are not severe. ECF No. 12 at 5. This argument entirely misses the rest of that social security ruling, which as noted above, requires the ALJ to consider all the limitations imposed by a claimant's impairments in assessing RFC. *See Lyles v. Kijakazi*, No. 4:21-CV-04258, 2023 WL 6279903, at *7 (S.D. Tex. Sept. 26, 2023), *appeal dismissed sub nom. Lyles v. Saul*, No. 23-20541, 2024 WL 1887078 (5th Cir. Jan. 3, 2024) (citing *Wells*, 2022 WL 17548603, at *4 (holding that the ALJ erred by failing to consider if the claimant's

mild mental impairments affected her RFC); *Papillion v. Kijakazi*, 2022 WL 17548604, at *4 (S.D. Tex. Sept. 30, 2022) (same)). Therefore, the ALJ, having already found Plaintiff mildly mentally impaired, must consider if the impairment influenced her RFC, even if the impairment was not severe.

Commissioner next argues that the ALJ's mention of Plaintiff's testimony regarding anxiety medication and an isolated anxiety attack fulfill the "more detailed assessment" mentioned by the ALJ. ECF No. 12 at 6. These bare mentions do not equate to consideration of Plaintiff's mental limitations. The ALJ did not adopt any mental limitations or explain why such limitations were excluded from Plaintiff's RFC. *See King v. O'Malley*, No. 4:22-CV-932-ALM-KPJ, 2024 WL 1186896, at *5 (E.D. Tex. Mar. 1, 2024), *adopted*, No. 4:22CV932, 2024 WL 1180992 (E.D. Tex. Mar. 19, 2024) (citing *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022) ("Yet absent from the ALJ's opinion is an explanation for why these mental limitations shouldn't be reflected in [the claimant's RFC]. . . . the ALJ failed to properly evaluate [the claimant's] mental limitations in formulating his [RFC] determination."); *Martha L. v. Saul*, No. 20-cv-3, 2021 WL 3610316, at *5 (N.D. Tex. July 21, 2021), *adopted*, 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021) (same)).

In sum, the ALJ failed to consider if the mental impairment influenced Plaintiff's RFC in this case and, thus, remand for consideration of this narrow issue

11

is proper.[9] *See Wells*, 2022 WL 17548603, at *4; *see also King*, 2024 WL 1186896, at *5 (citing *Audrey M. D. v. Comm'r of Soc. Sec.*, No. 21-cv-2425, 2022 WL 18356464, at *3 (N.D. Tex. Dec. 28, 2022) ("The ALJ's failure to explain why she omitted any mental limitations from the RFC formulation . . . constitutes legal error." (collecting cases)).

This error is prejudicial. Prejudice occurs when procedural errors cast doubt on the existence of substantial evidence in support of the ALJ's decision. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam). Had the ALJ considered whether Plaintiff's mild mental limitations warranted additional restrictions, he may have assessed a more limited RFC precluding Plaintiff from performing the jobs listed at step five. R. 37. Here, the VE was only asked whether an individual who needed three unscheduled breaks a day, in addition to scheduled breaks, lasting 30 minutes to 45 minutes each could perform any jobs, to which the VE answered no— she was not asked about any further limitations with interacting with others or concentrating, persisting, or maintaining pace. R. 61–62. Accordingly, the incorporation of mental limitations into the RFC could very well have resulted in a

---

[9] Commissioner also points out objective medical evidence supporting the ALJ's decision to not include any mental limitations in Plaintiff's RFC, ECF No. 12 at 7–8, but none of this evidence is discussed by the ALJ in determining Plaintiff's RFC. R. 30. The Court rejects this argument on the basis that the decision by the ALJ must "stand or fall" on the rationale set forth in the ALJ's opinion. *Newton v. Apfel*, 209 F.3d at 455; *Orr v. Commissioner of Social Security Administration*, Civil No. 3:08-CV-1592-K, 2009 WL 2337793 at *9 (N.D. Tex. July 27, 2009) ("Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ.").

different outcome. *See Castillo*, 599 F. Supp. 3d at 490 ("Accordingly, without a proper analysis of [the claimant's] mental functional limitations and incorporation of those limitations, as appropriate, into a hypothetical for the [VE], remand is required on this record."). This is harmful error worthy of remand. *See Wells*, 2022 WL 17548603, at *4.

## VI.   CONCLUSION

Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 10, is **GRANTED**. Commissioner's motion for summary judgment, ECF No. 12, is **DENIED**. The ALJ's decision denying benefits is **REVERSED,** and the case is **REMANDED** for proceedings consistent with Memorandum and Order.

Signed at Houston, Texas, on November 18, 2024.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**